FOX *vs.* BONNER'S CURATOR.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF EAST
FELICIANA.

An action of nullity, to annul and set aside the judgment homologating a
curator's account, will be sustained, when the account is shown to be
palpably fraudulent, as respects a particular item in it.

A definitive judgment may be annulled in all cases, when it is shown to
have been obtained through the fraud and ill practices of the party
obtaining it.

EASTERN DIST.
June, 1838.

FOX
vs.
BONNER'S
CURATOR.

This is an action of nullity, to annul and set aside a judgment of the Probate Court, homologating the account rendered by the curator of Sherwood B. Bonner, deceased.

The heir of the deceased, discovering an erroneous charge against the estate, of about six hundred and fifty dollars and fifty cents, made by the curator, instituted suit against the latter, to have the judgment, homologating his account and discharging him, annulled, as having been obtained through fraud and ill practices; and to recover back the sum thus fraudulently obtained.

The defendant pleaded a general denial, and averred that he had made a final settlement with E. B. Fox, who was the lawful agent on the part of the plaintiff, to make said settlement, and he denies that it was incorrectly made, etc.

There was also a plea to the jurisdiction of the Probate Court.

It appeared from the evidence of R. W. Newport, that in a settlement he made with the defendant, an error was committed in favor of the latter, for about four hundred and twenty-six dollars, by charging that sum to the estate he administered, as having been paid to Newport by him, when in fact it had not been paid, but was deducted from the debt due by Newport to the estate. This, in the opinion of the probate judge, vitiated the settlement, and justified the plaintiff to have the decree annulled.

Judgment was given for the plaintiff, and the defendant appealed.

*T. L. Andrews*, for the appellant.

*Carleton, J.*, delivered the opinion of the court.

This is an action, brought to annul a judgment of the Court of Probates, homologating an account of administration, rendered by the defendant, as curator of the estate of Sherwood B. Bonner, deceased.

The petitioner, who is admitted to be the sole heir of Bonner, alleges, that the curator fraudulently retains six hundred and fifty dollars and fifty-seven cents of the moneys

Eastern Dist.
June, 1838.

FOX
vs.
BONNER'S
CURATOR.

of the estate, and that the fraud was not discovered until after the decree confirming the account.

The answer avers the account to be correct, and that it was agreed upon, and settled with the attorney in fact and agent of petitioner.

The court annulled its former decree homologating the account, and ordered the defendant to settle the estate in his capacity as curator. The defendant appealed.

It appears that Robert Newport, and the deceased, had dealings together, by which they became mutually indebted. The curator received the balance due from Newport, after deducting the amount owed by the estate, and charged the estate with this amount, as having been paid by himself, whereas it was in truth allowed in compensation, to extinguish so much of the greater debt of Newport; that is, it was already paid by compensation, but is again charged to the estate by the curator.

An action of nullity, to annul and set aside the judgment homologating a curator's account, will be sustained, when the account is shown to be palpably fraudulent, as respects a particular item in it.

This transaction appears so palpably fraudulent, that it is difficult to explain it under the milder name of error, as it is called in the judgment of the court. Errors may be committed from oversight, or when it is difficult to perceive the differences between things resembling each other. But it is hardly possible that the defendant could not have plainly seen, that by charging the estate with what was already paid, he appropriated that sum to his own use.

A definitive judgment may be annulled in all cases, when it is shown to have been obtained through the fraud and ill practices of the party obtaining it.

We think that the testimony of Newport and the parish judge, brings this case clearly within the provisions of article 607 of the Code of Practice, which declares, that "a definitive judgment may be annulled in all cases, when it appears that it has been obtained through fraud, or other ill practices on the part of the party in whose favor it was rendered.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.